Chelsea Latino (NSBN 14227)
Karyna M. Pome'e (NSBN 16044)
McDONALD CARANO LLP
100 W. Liberty Street, Tenth Floor
Reno, Nevada 89501
Telephone: (775) 788-2000
clatino@mcdonaldcarano.com
kpomee@mcdonaldcarano.com

*Attorneys for Defendant Pilot Travel Centers LLC*

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

GABINO MORA-RIOS, an individual,

Plaintiff,

vs.

PILOT TRAVEL CENTERS LLC dba PILOT TRAVEL CENTER, a Foreign Limited-Liability Company; DOES 1-20 and ROE BUSINESS ENTITIES 1-20, inclusive,

Defendants.

Case No. 3:26-cv-00296-ART-CLB

**ORDER GRANTING STIPULATION TO ALLOW PILOT TRAVEL CENTERS LLC TIME TO FILE ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

**(First Request)**

Pursuant to Local Rules ("LR") IA 6-1 and 6-2, Plaintiff Gabino Mora-Rios ("Mr. Mora-Rios") and Defendant Pilot Travel Centers LLC ("Pilot," and together with Mr. Mora-Rios, the "Parties"), by and through their respective counsel of record, stipulate and respectfully request that the Court grant Pilot leave to file its Answer to Mr. Mora-Rios' First Amended Complaint (ECF No. 18) after the deadline. Good cause exists because the First Amended Complaint neither changes nor adds any allegations against Pilot, so Pilot's Answer remains substantively unchanged from its prior Answer currently on file. ECF No. 4.

The Parties stipulate as follows:

1. Mr. Mora-Rios filed his Complaint on March 17, 2026, in the Fourth Judicial District Court of the State of Nevada in and for the County of Elko.

2. Pilot was served with the Summons and Complaint on April 2, 2026, and timely removed the action to this Court on April 23, 2026. ECF No. 1.

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

3. Pilot filed its Answer to the Complaint on April 30, 2026. ECF No. 4; *see* FRCP 81(c)(2) (setting the deadline for a responsive pleading after removal at 21 days after service or 7 days after removal, whichever is later).

4. Since then, the Parties have actively litigated this case. They have held the Rule 26(f) conference, exchanged written discovery, and scheduled depositions for the coming weeks.

5. On September 23, 2026, Mr. Mora-Rios filed his First Amended Complaint, which adds Leisure Gaming, LLC ("Leisure") as a defendant. ECF No. 18.

6. The First Amended Complaint neither changes the allegations against Pilot nor adds any new allegations against it. *Id.*

7. Under FRCP 15(a)(3), Pilot's deadline to respond to the First Amended Complaint was October 7, 2026, fourteen days after service of the amended pleading.

8. Because the First Amended Complaint left the allegations against Pilot unchanged, and because the Parties were actively engaged in discovery, the deadline for Pilot to answer the First Amended Complaint was inadvertently overlooked. Once the oversight was discovered, the Parties promptly agreed that Pilot should file its Answer to the First Amended Complaint, which is substantively identical to its original Answer, so that the case can continue in the ordinary course.

9. Courts treat a late answer like a motion to set aside a default, "because the party filing the late answer receives the same opportunity to present mitigating circumstances that it would have had if a default had been entered and it had moved under Rule 55(a) to set it aside" for good cause. *McMillen v. J.C. Penney Co.*, 205 F.R.D. 557, 558 (D. Nev. 2002); *Admiral Ins. Co. v. Kabul, Inc.*, No. 2:22-cv-00177-CDS-NJK, 2024 WL 580836, at *3 (D. Nev. Feb. 12, 2024). No default has been entered against Pilot. Even so, the same good-cause standard governs whether the Court should accept Pilot's late Answer to the First Amended Complaint. Under that standard, courts consider three factors: (1) whether the defendant engaged in culpable conduct that led to the untimely response; (2) whether the defendant lacks a meritorious defense; and (3) whether accepting the late response would prejudice the opposing party. *See United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). Courts disfavor defaults, so "a case should, whenever possible, be decided on the merits." *Id.* (reversing order declining to set aside default where the court focused on "everyday oversights

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

rather than … whether there were any extreme circumstances"); *see also Guardado v. Nevada*, No. 2:18-cv-00198-GMN-VCF, 2019 WL 13076592, at *2 (D. Nev. Apr. 3, 2019) ("[F]ederal courts in this and other circuits generally hold that the untimeliness of an answer, even if extreme . . ., is not, by itself, a sufficient reason for granting a motion to strike [a late filed response]," especially "in light of a strong judicial preference for resolving cases on their merits.").

10. Here, the Parties stipulate that good cause exists to permit Pilot to file its Answer to the First Amended Complaint after the deadline expired. Pilot has not engaged in culpable conduct, and it does not lack a meritorious defense. A late Answer will not prejudice Mr. Mora-Rios, who consents to this request. Pilot's delay resulted from an oversight: the First Amended Complaint neither changed nor added any allegations against Pilot, and Pilot had already answered those same allegations in its Answer to the Complaint. ECF No. 4. Pilot's Answer to the First Amended Complaint is therefore substantively identical to its prior Answer, and Pilot has shown its intent to defend this action throughout. *See Edelman v. Belco Title & Escrow, LLC*, 754 F.3d 389, 395 (7th Cir. 2014) (declining to treat allegations in amended pleading as admitted under Rule 8(b)(6) since the defendant previously answered the same allegations against it in answering plaintiff's earlier complaint); *LaGorga v. Kroger Co*., 407 F.2d 671, 673 (3d Cir. 1969) (refusing to find an admission to a later amended complaint, despite no responsive pleading, where the defendant denied substantially the same allegations in its answer to the original complaint). Given the "strong judicial preference for resolving cases on their merits," *Guardado*, 2019 WL 13076592, at *2, good cause exists to allow Pilot to file its Answer to the First Amended Complaint after the original deadline and to extend the time to file it to November 2, 2026.

11. The Parties therefore stipulate that Pilot shall have until November 2, 2026, to file its Answer to Mr. Mora-Rios' First Amended Complaint.

/ / /

/ / /

/ / /

The parties represent that this stipulation is made in good faith, is not sought for purposes of delay, and will not prejudice any party.

DATED: October 28, 2026.

McDONALD CARANO LLP

By: /s/Chelsea Latino
Chelsea Latino (NSBN 14227)
Karyna M. Pome'e (NSBN 16044)
100 W. Liberty Street, Tenth Floor
Reno, Nevada 89501

*Attorneys for Defendant Pilot Travel Centers LLC*

MORGAN & MORGAN

/s/ Gregory Kraemer
Gregory Kraemer, Esq.
Nevada Bar No. 10911
6725 Via Austi Parkway-Suite 275
Las Vegas, Nevada 89119

*Attorneys for Plaintiff*

**IT IS SO ORDERED:**

UNITED STATES MAGISTRATE JUDGE

Dated: October 29, 2026

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966